**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(ST. LOUIS CITY)**
**CIVIL COVER SHEET**

**05CV0 2229D D N**

This civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required by the Clerk of this Court for the purpose of initiating case processing. (See instructions on the reverse of this form.)

| CAUSE NO. 052-11071 | DIVISION NO. | FILING DATE: 8/17/05 |
|---|---|---|

| 1. PLAINTIFF(S)/PETITIONER(S) | DEFENDANT(S)/RESPONDENT(S) |
|---|---|
| JAMES MACKRILL, et al. | DOW CHEMICAL COMPANY, et al. |

| (b) Address, Telephone Number of First Plaintiff/Petitioner | Address, Telephone Number of First Defendant/Respondent |
|---|---|
| | 120 S. Central St. Louis, MO 63105 |

EXHIBIT A

(c) Attorneys (Firm Name, Address and Telephone Number. Bar #) Brown & Wallis, Mark I. Bronson #23183
2300 West Port Plaza Dr., St. Louis, MO 63146
(314) 878-8200

Attorneys (If Known)

## 2. NATURE OF ACTION CODE (PLACE AN X IN ONE BOX)

**TORT: 211xxxx**
☐ 0115 PERSONAL INJURY VEHICULAR
☒ 0120 PERS. INJURY PRODUCTS LIA.
☐ 0130 PERS. INJURY MALPRACTICE
☐ 0140 LOSS OF CONSORTIUM
☐ 0150 PERS. INJURY - F.E.L. ACT
☐ 0160 PERS. INJURY JONES ACT
☐ 0195 PERS. INJURY OTHER
☐ 0210 PROPERTY DAMAGE
☐ 0300 INTENTIONAL TORT
☐ 0400 WRONGFUL DEATH
☐ 0500 LIBEL ☐ 0600 SLANDER
☐ 0700 PUNITIVE DAMAGES
☐ 9900 TORT - OTHER
**ASSOCIATE DIVISION TORT:**
☐ 0110 PERSONAL INJURY-VEHICULAR
☐ 0180 PERSONAL INJURY OTHER
☐ 0200 PROPERTY DAMAGE
**CONTRACT: 212xxxx**
☐ 0110 BREACH OF CONTRACT
☐ 0210 PROMISSORY NOTE
☐ 0310 REPLEVIN
☐ 0410 SUIT ON ACCOUNT
☐ 0500 SUIT ON POLICY
☐ 0600 FORFEITURE
**ASSOCIATE DIVISION CONTRACT:**
☐ 0100 BREACH OF CONTRACT
☐ 0200 PROMISSORY NOTE
☐ 0300 REPLEVIN
☐ 0400 SUIT ON ACCOUNT

**DOMESTIC RELATIONS: 235xxxx**
☐ 0100 DISSOLUTION
☐ 0200 LEGAL SEPARATION
☐ 0300 ANNULMENT
☐ 0400 SEPARATE MAINTENANCE
☐ 0700 HABEAS CORPUS
☐ 0800 MOTION TO MODIFY
☐ 0800 CONTEMPT
☐ 1100 SHOW CAUSE
☐ 1200 DISSOLUTION JOINT PETITION
☐ 1300 MOTION FOR CUSTODY
☐ 7000 IV-D CONSENT
☐ 7010 IV-D PATERNITY
☐ 7030 IV-D ADM. ORDERS W/ HEARING
☐ 7040 IV-D URESA-INITIATING
☐ 7050 IV-D URESA-RESPONDING
☐ 1400 MIS. DOMESTIC RELATIONS
**DOMESTIC OTHER: 240xxxx**
☐ 0400 ADULT ABUSE
☐ 0600 PATERNITY
☐ 0700 CHILD ABUSE
**EQUITY: 222xxxx**
☐ 0100 SPECIFIC PERFORMANCE
☐ 0200 RECIS/REFORM/CANCEL
**EQUITY: 224xxxx**
☐ 0010 REDEMPTION
☐ 0020 FORECLOSURE
☐ 0100 QUIET TITLE
☐ 0200 MECHANICS LIEN
☐ 0210 MECHANICS LIEN ► $15K

☐ 0300 EJECTMENT
☐ 0310 EJECTMENT ► $15K
☐ 0400 PARTITION
**EQUITY: 228xxxx**
☐ 0000 MISC. EQUITY
☐ 0100 CHANGE OF NAME
☐ 0200 DECLARATORY JUDGMENT
☐ 0300 QUO WARRANTO
☐ 0400 MANDAMUS
☐ 0500 PROHIBITION
☐ 0600 INJUNCTION   ☐ 0700 TRO
☐ 0800 WRIT OF CERTIORARI
☐ 0900 INCARCERATION REIMB. ACT
**LANDLORD/TENANT: 219xxxx**
☐ 9901 UNLAWFUL DETAINER
☐ 9911 UNLAWFUL DETAINER► $15K
☐ 9902 RENT & POSSESSION
☐ 9912 RENT & POSSESSION► $15K
**MISC. CIVIL: 218xxxx/2400xxx**
☐ 0000 MISC. CIVIL
☐ 0000 MISC. CIVIL ► $25K
☐ 0015 DECLAR. VEH. OWNERSHIP
☐ 0300 ADMINISTRATIVE REVIEW
☐ 0350 ADMINISTRATIVE ORDER
☐ 0375 ADMIN. ORDER W/ HEARING
☐ 0400 DRIVER LIC. REVOC. REVIEW
☐ 0500 HABEAS CORPUS
☐ 0500 29.15PCR  ☐ 0610 24.035PCR
☐ 300 PERSONAL PROPERTY TAX
☐ 310 PERS. PROP. TAX► $15K

☐ 0700 SPECIAL TAX BILL SUIT
☐ 0800 TAX ACTION
☐ 0810 TAX ACTION ► $15K
☐ 1000 DELINQUENT SALES TAX
☐ 1010 DELINQ. SALES TAX ► $15K
☐ 1100 DELINQ. LIEN/ENFRC. TAX
☐ 1200 LAND TAX
☐ 0850 CITATION JUDGMT DEBTOR
☐ 0900 REG. FOREIGN JUDGMENT
☐ 0910 REG. FORGN. JUDG.► $15K
☐ 1105 COUNTER CLAIM ► $15K
☐ 1250 LIMITED DRV. PRIV.
☐ 1300 CONTEMPT
☐ 1400 195 FORFEITURE
☐ 1500 513 FORFEITURE
☐ 9900 TRANSCRIPT
☐ 9903 SMALL CLAIMS ◄ $100
☐ 9904 SMALL CLAIMS ► $100
☐ 9905 REFUSAL OF BREATH TEST
☐ 9906 REVIVAL OF JUDGMENT
☐ 9916 REV. OF JUDGMENT► $15K
☐ 100 EXAM. JUDGMENT DEBTOR
☐ 500 CONDEMNATION
**5. ORIGIN OF CASE:**
☒ DIRECT FILING   ☐ TRIAL DE NOVO
☐ TRANSFERRED   ☐ CHANGE OF VENUE
☐ CERTIFIED FROM ASSOC. DIV.
☐ SUPP. TO EXISTING FILE/
REMANDED/NEW TRIAL
☐ OTHER

3. JURISDICTIONAL AMOUNT (STATE THE AGGREGATE/TOTAL AMOUNT OF YOUR CLAIM(S) $ > 25,000

4. SERVICE: ☒ SUMMONS TO ISSUE  ☒ BY MAIL, RULE 54.16  ☐ BY MAIL, SEC. 506.150  ☐ POST OR SERVE  ☐ OTHER

**6. JURY DEMANDED:** ☒ YES  ☐ NO

SIGNATURE OF ATTORNEY/PLAINTIFF/PETITIONER:

FOR OFFICE USE ONLY

7. TRIAL DATA: DATE TRIAL BEGAN: _____  DATE TRIAL ENDED: _____  LENGTH OF TRIAL: _____

DISPOSITION DATE: _____  ☐ TRIED BY JURY  ☐ TRIED BY COURT  ☐ CERTIFIED  ☐ DISMISSED BY COURT  ☐ DISMISSED BY PARTIES
☐ UNCONTESTED/DEFAULT/CONSENT  ☐ TRANSFERRED  ☐ CHANGE OF VENUE  ☐ MISTRIAL  ☐ HUNG JURY  ☐ OTHER

TRIAL RECORD:  ☐ COURT REPORTER  ☐ SOUND RECORDING  ☐ N/A  ☐ JUDGE BAR#   CLK INIT

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

| | |
|---|---|
| **JAMES MACKRILL,** | ) |
| **and** | ) |
| **MICHAEL ELLIOT JAMES,** | ) **Cause No.** _____ |
| **and** | ) |
| **ROBERT CAIN,** | ) **Division No. 1** |
| **and** | ) |
| **SHAWN JOHNSON,** | ) |
| **and** | ) **TRIAL BY JURY DEMANDED** |
| **WILLIAM A. FERRELL,** | ) |
| **and** | ) |
| **MICHAEL J. HEAVEY,** | ) **PRODUCT LIABILITY** |
| **and** | ) |
| **ELWOOD MORRIS,** | ) |
| **and** | ) |
| **EDMOND CONNELLY,** | ) |
| **and** | ) |
| **HAROLD YINGER,** | ) |
| **and** | ) |
| **NEIL SILVERMANN,** | ) |
| **and** | ) |
| **TERRY GRAHAM,** | ) |
| **and** | ) |
| **BOBBY L. FRAZIER,** | ) |
| **and** | ) |
| **ALAN KJELLAND,** | ) |
| **and** | ) |
| **MARK SCHWARTZ AND JULIE ANN** | ) |
| **SCHWARTZ,** | ) |
| **and** | ) |
| **WILLIAM WHITEHEAD AND** | ) |
| **DEBORAH C. WHITEHEAD,** | ) |
| **and** | ) |
| **JOHN J. MORRISON and JEANNALINE** | ) |
| **MORRISON,** | ) |
| **and** | ) |
| **JOSEPH LAROCCA and EMMA L.** | ) |
| **LAROCCA,** | ) |
| **and** | ) |
| **ROBERT KALSCHUER and** | ) |

MAYVELYN KALSCHEUER,                     )
and                                       )
STEPHEN WALTERS and CAROL ANN             )
WALTERS,                                  )
and                                       )
CLYDE MORTON and DIANE W.                 )
MORTON,                                   )
and                                       )
EDWARD PENTZ and WINNIE PENTZ,            )
and                                       )
GERALD FRASCHILLA and                     )
DARLENE FRASCHILLA,                       )
and                                       )
KEITH VANDERPOOL and MARIE L.             )
VANDERPOOL,                               )
and                                       )
MELVIN SCOTT and CARLA M.                 )
SCOTT,                                    )
and                                       )
HERBERT MCKIE and KARON MCKIE             )
and                                       )
RICHARD MOISAN and PEGGY ANN              )
MOISAN,                                   )
and                                       )
JAMES HOOPAUGH and TRISH                  )
HOOPAUGH,                                 )
and                                       )
DOUGLAS A. HAIR and JANICE HAIR           )
and                                       )
ALFRED PETERSEN and BARBARA A.            )
PETERSEN,                                 )
and                                       )
JERRY FLEMMING and BEVERLY                )
FLEMMING,                                 )
and                                       )
JOSPEH TOWNSEND and ANN M.                )
TOWNSEND,                                 )
and                                       )
RUDOLPH BOLVES and J'ANNE                 )
BOLVES,                                   )
and                                       )
WENDELL L. BROCKINGTON and                )
SHEILA P. BROCKINGTON,                    )

and )
BILLY R. ALLEN and DELORA ALLEN, )
and )
JOHN LAAKS and MARY EDITH )
LAAKS, )
and )
ROBERT D. HARDY, SR. and )
KATHLEEN HARDY, )
and )
FRANCIS FAGAN, JR. and BILLIE )
JEAN FAGAN, )
and )
JOHN COLEMAN and FRANCINE )
COLEMAN, )
and )
LARRY BINKLEY and BARBARA P. )
BINKLEY, )
and )
ROBERT E. TAYLOR and THERESA )
TAYLOR, )
and )
DENNIS HAWKER and DIANE )
HAWKER, )
and )
ROBERT ZAK and BONNIE ZAK, )
and )
ANGELO DE FIDE and MARTHA )
DE FIDE, )
and )
DARRELL HUSTON and CYNTHIA A. )
HUSTON, )
and )
SHERMAN W. FRANKLIN, SR. and )
ALMA CORAZON FRANKLIN, )
and )
FRED GONZALES, JR. and LORRAINE )
GONZALES, )
and )
MARK WHITAKER, SR. and BARBARA )
WHITAKER, )
and )
JOHN F. FRANK and DARLENE FRANK. )
and )

**KENNETH DOCKERY and DONNA** )
**FAYE,** )
**and** )
**THURMAN THOMAS and BRENDA** )
**THOMAS,** )
**and** )
**WILLIAM HIGGINS and LENORE** )
**HIGGINS,** )
**and** )
**MIKE WADDELL and CYNTHIA** )
**WADDELL,** )
**and** )
**BARBARA V. PFEIFFER, SURVIVOR** )
**OF RICHARD PFEIFFER,** )
**and** )
**BARBARA WHITAKER, SURVIVOR** )
**OF MARK WHITAKER,** )
**and** )
**MARGARET KELLEY, SURVIVOR OF** )
**PATRICK KELLEY,** )
**and** )
**CONNIE ELLIOT, SURVIVOR OF** )
**KEN ELLIOT,** )
**and** )
**JAN HENDRIX, SURVIVOR OF** )
**GEORGE HENDRIX,** )
 )
        **Plaintiffs,** )
    **v.** )
 )
**DOW CHEMICAL COMPANY,** )
**and** )
**MONSANTO COMPANY,** )
**and** )
**PHARMACIA CORPORATION,** )
**and** )
**SOLUTIA, INC.,** )
**and** )
**HERCULES, INCORPORATED,** )
**and** )
**THOMPSON HAYWARD CHEMICAL CO.,** )
**and** )
**T-H AGRICULTURE & NUTRITION CO.** )

**. and**                                           )
**OCCIDENTAL PETROLEUM**                             )
**CORPORATION,**                                     )
**and**                                              )
**OCCIDENTAL CHEMICAL CORP.,**                       )
**and**                                              )
**UNIROYAL, INC.,**                                  )
**and**                                              )
**C.D.U. HOLDING, INC.,**                            )
**and**                                              )
**UNIROYAL CHEMICAL COMPANY,**                       )
**and**                                              )
**HARCROS CHEMICALS INC.,**                          )
**and**                                              )
**ULTRAMAR DIAMOND SHAMROCK**                        )
**CORPORATION,**                                     )
**and**                                              )
**MAXUS ENERGY CORP.,**                              )
**and**                                              )
**TIERRA SOLUTIONS INC.,**                           )
**and**                                              )
**CHEMICAL LAND HOLDINGS, INC.,**                    )
                                                     )
      **Defendants.**  )

## PETITION

## PLAINTIFFS

1.  Plaintiff Vietnam veteran James Mackrill is a citizen of and resides in the state of Missouri.

    He brings this action along with Plaintiff Vietnam Veteran Michael Elliot James, Plaintiff

    Vietnam Veteran Robert Cain, Plaintiff Vietnam Veteran Shawn Johnson, Plaintiff Vietnam

    Veteran William A. Ferrell, Plaintiff Vietnam Veteran Michael J. Heavey, Plaintiff Vietnam

    Veteran Elwood Morris, Paintiff Vietnam Veteran Edmond Connelly, Plaintiff Vietnam

    Veteran Harold Yinger, Plaintiff Vietnam Veteran Neil Silvermann, Plaintiff Vietnam

    Veteran Terry Graham, Plaintiff Vietnam Veteran Bobby L Frazier, Plaintiff Vietnam

Veteran Alan Kjelland, Plaintiff Vietnam Veteran Mark Schwartz and wife Julie Ann Schwartz, Plaintiff Vietnam Veteran William Whitehead and wife Deborah C. Whitehead, Plaintiff Vietnam Veteran John J. Morrison and wife Jeannaline Morrison, Plaintiff Vietnam Veteran Joseph Larocca and wife Emma L. Larocca, Plaintiff Vietnam Veteran Robert Kalscheuer and wife Mayvelyn G. Kalscheuer, Plaintiff Vietnam Veteran Stephen Walters and wife Carol Ann Walters, Plaintiff Vietnam Veteran Clyde Morton and wife Diane W. Morton, Plaintiff Vietnam Veteran Edward Pentz and wife Winnie Pentz, Plaintiff Vietnam Veteran Gerald Fraschilla and wife Darlene Fraschilla, Plaintiff Vietnam Veteran Keith Vanderpool and wife Marie L. Vanderpool, Plaintiff Vietnam Veteran Melvin Scott and wife Carla M. Scott, Plaintiff Vietnam Veteran Herbert McKie and wife Karon McKai, Plaintiff Vietnam Veteran Richard Moisan and wife Peggy Ann Moisan, Plaintiff Vietnam Veteran James Hoopaugh and wife Trish Hoopaugh, Plaintiff Vietnam Veteran Douglas A. Hair and wife Janice Hair, Plaintiff Vietnam Veteran Alfred Petersen and wife Barbara A. Petersen, Plaintiff Vietnam Veteran Jerry Fleming and wife Beverly Fleming, Plaintiff Vietnam Veteran Joseph Townsend and wife Ann M Townsend, Plaintiff Vietnam Veteran Rudolph Bolves and wife J'Anne Bolves, Plaintiff Vietnam Veteran Wendell L Brockington and wife Sheila P. Brockington, Plaintiff Vietnam Veteran Billy R Allen and wife Delora Allen, Plaintiff Vietnam Veteran John Laaks and wife Mary-Edith Laaks, Plaintiff Vietnam Veteran Robert D Hardy Sr and wife Kathleen Hardy, Plaintiff Vietnam Veteran Francis Fagan Jr and wife Billie Jean Fagan, Plaintiff Vietnam Veteran John Coleman and wife Francine Coleman, Plaintiff Vietnam Veteran Larry Binkley and wife Barbara P. Binkley, Plaintiff Vietnam Veteran Robert E Taylor and wife Theresa Taylor, Plaintiff Vietnam Veteran Dennis Hawker

and wife Diane Hawker, Plaintiff Vietnam Veteran Robert Zak and wife Bonnie Zak, Plaintiff Vietnam Veteran Angelo De Fide and wife Martha De Fide, Plaintiff Vietnam Veteran Darrell Huston and wife Cynthia A. Huston, Plaintiff Vietnam Veteran Sherman W. Franklin Sr. and wife Alma Corazon Franklin, Plaintiff Vietnam Veteran Fred Gonzales Jr. and wife Lorraine Gonzales, Plaintiff Vietnam Veteran Mark Whitaker Sr and wife Barbara Whitaker, Plaintiff Vietnam Veteran John F Frank and wife Darlene Frank, Plaintiff Vietnam Veteran Kenneth Dockery and wife Donna Faye, Plaintiff Vietnam Veteran Thurman Thomas and wife Brenda Thomas, and Plaintiff Vietnam Veteran William Higgins and wife Lenore Higgins, Plaintiff Vietnam Veteran Mike Waddell and wife Cynthia Waddell.. Each Vietnam veteran was exposed to the Defendants' herbicides which contained dioxin contamination while serving in Vietnam, and each Vietnam veteran sustained various personal injuries, including but not limited to the non-Hodgkin's lymphoma cancer as a result of that service, thereby each suffering injuries and damages in excess of the jurisdictional amount of Twenty Five Thousand Dollars ($25,000.00).

2.      Plaintiff Barbara V. Pfeiffer, Survivor of Vietnam Veteran Richard Pfeiffer, Plaintiff Barbara Whitaker, Survivor of Vietnam Veteran Mark Whitaker, Plaintiff Margaret Kelley, Survivor of Vietnam Veteran Patrick Kelley, Plaintiff Connie Elliot, Survivor of Vietnam Veteran Ken Elliot, and Plaintiff Jan Hendrix, Survivor of Vietnam Veteran George Hendrix, bring this action in accordance with § 537.080 et. seq. for wrongful death which death was caused as a result of each Vietnam veteran being exposed to herbicides which contained dioxin contamination while serving in Vietnam and sustaining personal injuries, including, but not limited to, non-Hodgkin's lymphoma, as a result of service in Vietnam, thereby

resulting in injuries and damages to each in excess of the jurisdictional amount of Twenty

Five Thousand Dollars ($25,000.00).

## DEFENDANTS

3. Defendant Dow Chemical Company is a Delaware corporation with its principal place of business in Midland, Michigan.

4. Defendant Monsanto Company is a Delaware corporation with its principal place of business in St. Louis, Missouri and liable for the acts of Monsanto Company and Pharmacia Corporation.

5. Defendant Pharmacia Corporation is a Delaware corporation with its principal place of business in St. Louis, Missouri, and liable for the acts of Monsanto Company.

6. Defendant Solutia, Inc. is a Delaware corporation with its principal place of business in St. Louis, Missouri, and liable for the acts of Monsanto Company and Pharmacia Corporation.

7. Defendant Hercules Incorporated is a Delaware corporation with its principal place of business in Wilmington, Delaware.

8. Defendants Thompson Hayward Chemical Co. a/k/a Thompson Chemical Corporation and T-H Agriculture & Nutrition Company are Delaware corporations with its principal places of business in Kansas City, Kansas.

9. Defendant Occidental Petroleum Corp. is a Delaware Corporation with its principal place of business in Los Angeles, California.

10. Defendant Occidental Chemical Corporation is a New York corporation with its principal place of business in Dallas, Texas.

11.     Defendants Uniroyal, Inc., C.D.U. Holding, Inc. and Uniroyal Chemical Company are New Jersey corporations with their principal places of business in Middlebury Connecticut.

12.     Defendant Harcros Chemicals Inc. is a Delaware corporation with its principal place of business in Kansas City, Kansas.

13.     Ultramar Diamond Shamrock Corporation, Chemical Land Holdings, Inc., Tierra Solutions, Inc., and Maxus Energy Corporation are related corporations with their principal place of business in San Antonio, Texas, and manufactured Agent Orange in New Jersey.

14.     The defendants, and each of them, are registered to do business and do business in Missouri and are further subject to the jurisdiction of this Court in accordance with the Missouri Long Arm Statute, § 508.500 RSMo.

15.     Venue is proper in the City of St. Louis in accordance with § 508.040 RSMo., for the reason that one or more of the defendants have or usually keep an office(s) or agent(s) for the transaction of usual and customary business in the City of St. Louis, Missouri, and the cause(s) of action alleged herein against one or more of the defendants occurred and/or accrued in the City of St. Louis, Missouri.

## NON-REMOVEABILITY

16.     This case is not removable to federal court because there is no complete diversity of citizenship and the claims do not arise under federal law.

17.     At all times material hereto, defendants were not acting as government officers, but private contractors selling off the shelf products to the U.S. government.

18.     Defendants could have fully complied with their government contracts without producing

        detectable dioxin contamination in the herbicides they sold to the U.S. government for use

        in Vietnam, including, but not limited to, Agent Orange.

## ACTS OF DEFENDANTS

19.     During the period of 1961 to 1972 each of the corporate Defendants designed, manufactured,

        marketed, distributed and sold to the United States Government the phenoxy herbicides

        (hereinafter collectively described as Agent Orange herbicides), known as Agent Orange,

        Orange II, Purple, Pink and Green, and whose basic component formulations were:

        a.      Agent Orange was a 50/50 mixture of the n-butyl esters of 2,4-D and 2,4,5-T (2,4,5-

                tricholorophenoxyacetic acid);

        b.      Agent Orange II was a 50/50 mixture of the isooctyl ester of 2,4,5-T and the n-butyl

                ester of 2,4-D;

        c.      Agent Purple was a 50/30/20 by weight mixture of the n-butyl ester of 2,4,-D, n-butyl

                ester of 2,4,5-T and isobutyl ester of 2,4,5-T;

        d.      Agent Pink was a 60/40 by weight mixture of n-butyl ester of 2,4,5-T and the

                isobutyl ester of 2,4,5-T;

        e.      Agent Green was a single component formulation consisting of n-butyl of 2,4,5-T.

20.     The herbicides listed in paragraph 19 above were manufactured and sold by the Defendants

        to the United States Government for use in Vietnam during the aforesaid period, contained

        deadly toxic contaminants, including dioxins, which were inherently dangerous to human

        health and capable of causing severe injuries to persons exposed thereto.  This included the

most toxic and deadly dioxin 2,3, 4, 5,7,8-tetrachlorodibenzo para dioxin, more commonly referred to as "TCDD" or "dioxin".

21.     Each Defendant's herbicides as listed in Paragraph 19 above and as supplied to the military for use in Vietnam contained the toxic contaminant dioxin, was defective, and unreasonably dangerous to each Vietnam veteran.

## INJURY TO PLAINTIFF

22.     As a direct and proximate result of the acts described above, each plaintiff Vietnam veteran described in Paragraph 1 above was caused to suffer grievous, serious, and severe injuries, and sustained serious and permanent injuries to their health, strength and activity, and severe shock to their nervous system, including but not limited to Non-Hodkins Lymphoma cancer which was manifested and diagnosed less than five years before commencement of this action.

23.     As a direct and proximate result of the acts described above, each plaintiff Vietnam veteran described in Paragraph 2 above was caused to suffer grievous, serious, and severe injuries, and sustained serious and permanent injuries to their health, strength and activity, and severe shock to their nervous system, including but not limited to non-Hodgkins Lymphoma cancer which was manifested and diagnosed which resulted in that veteran's untimely death less than three years before commencement of this action.

24.     As a further proximate result of the defendants' wrongful conduct, each Vietnam veteran was required to, and did, employ physicians and surgeons to examine, treat and care for him, and each Vietnam veteran incurred, hospital, medical and other and additional incidental

expenses while each Vietnam veteran described in Paragraph 1 above will continue to incur such expenses..

25. As a further proximate result of the defendants' wrongful conduct, each Vietnam veteran's wife described in Paragraph 1 above has lost and will lose the consortium of her spouse.

## COUNT I
## PRODUCT LIABILITY
### Strict Liability in Tort
### DESIGN DEFECT

26. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

27. During the period from 1961 to 1972 each of the Defendants designed, manufactured, and sold the United States Government for use in Viet Nam herbicides contaminated with dioxin.

28. At all times herein mentioned, the Defendants had a duty to make a safe product and breached that duty by designing and manufacturing the herbicides intended for use in Viet Nam which were defective and unreasonably dangerous.

29. But for the design defect of the Defendants, the Vietnam veterans and their spouses, as applicable, would not have sustained their injuries and damages.

30. The herbicides manufactured by the Defendants were not produced in accordance with military specifications set forth in their Government contracts.

31. The Government contracts, pursuant to which the Defendants manufactured their Agent Orange herbicides, did not order, request, or put limitations on any permissible level of the toxic contaminant dioxin. The herbicides produced by the Defendants were generally similar in that all had dangerous levels of dioxin, but except that they contained varying degrees of

the toxic contaminant dioxin. The Defendants jointly controlled all of the manufacturing processes used in the production of the dioxin-containing herbicides supplied to the military.

32.  The Defendants' defective products were used in a foreseeable manner and brought about foreseeable injuries to the Vietnam veterans described in Paragraphs 1 and 2 of this complaint.

33.  As actual and proximate results of the Defendants' defective products, the Vietnam veterans were exposed to the Defendants' herbicides and were thereby caused to suffer severe injuries complained thereof.

34.  By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfeasors to pay such damages to plaintiffs and each of them.

## Strict Liability in Tort
## INADEQUATE WARNING

35.  The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

36.  During the period from 1961 to 1972 each Defendant designed, manufactured, and sold to the United States Government the contaminated herbicides for use in Vietnam by Vietnam veterans.

37.  The Defendants had a duty to give timely warnings to the United States Government of the full danger of their products, including, but not limited to, their level of dioxin contamination, and breached that duty by manufacturing the herbicides without such adequate timely warnings, rendering their products defective and unreasonably dangerous.

38.  The Vietnam veterans had no reason to expect or anticipate that the herbicides would cause them severe harm.

39. The Defendants did not give an adequate timely warning as to the danger or extent of contamination of the defective products either to the United States Government Officials responsible for decision(s) to deploy the herbicides or to the Vietnam veterans who were at risk from the danger of the defective products.

40. But for the Defendants' failure to provide adequate timely warnings to the United States Government, the Vietnam veterans would not have sustained injuries.

41. The Defendants' defective products were used in foreseeable manners and brought about foreseeable injuries on the Vietnam veterans who were a foreseeable victims.

42. As actual and proximate results of the Defendants' inadequate warnings, the Vietnam veterans were exposed to the Defendants' herbicides and were thereby caused to suffer severe injuries complained hereof.

43. By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfeasors to pay such damages to plaintiffs.

## COUNT II
### Negligence
### DESIGN AND PRODUCTION

44. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

45. During the period from 1961 to 1972 each Defendant designed, manufactured, and sold to the United States Government the contaminated herbicides.

46. The Defendants had a duty to make safe product and breached the duty by manufacturing herbicides that were defective and unreasonably dangerous.

47. Each Defendant negligently designed and produced the herbicides it supplied to the United States Government for use in Vietnam in that each Defendant:

    a.      failed to design its herbicides so that they were free from detectable amounts of the toxic contaminant dioxin;

    b.      failed to follow reasonable manufacturing methods and procedures that would avoid the formation of or eliminate the toxic contaminant dioxin;

    c.      failed to test the Agent Orange herbicides to insure that they were free from the toxic contaminant dioxin.

48.    Defendants could have fully complied with all provisions of their contracts with the United States Government and still produced their herbicides without toxic levels of dioxin, had they used reasonable manufacturing and quality control procedures.

49.    The Defendants owned or controlled virtually all of the phenoxyherbicide market and product capacity and supplied to the military over 99% of the herbicides contracted for and received over 99% of the purchase price.

50.    Each Defendant's herbicide was toxic and harmful to human health and contaminated with dioxin in varying degrees.

51.    But for the defective design of the Defendants, Vietnam veterans herein would not have sustained injuries.

52.    The Defendants' defective products were used in foreseeable manners and brought about foreseeable injuries to the Vietnam veterans herein who were foreseeable victims.

53.    As actual and proximate results of the Defendants' negligent design, the Vietnam veterans herein were exposed to the Defendants' herbicides and thereby caused to suffer severe injuries complained hereof.

54.    By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfesors to pay such damages to the plaintiffs.

## COUNT III
## CLAIMS UNDER NEGLIGENCE
### First Claim: Breach of Duty to Warn
### as to the Defendants' Products

55.   The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the
      above Paragraphs.

56.   The Defendants, individually and collectively, knew of the following:

   a.   That dioxin, its extreme toxicity, its presence in the manufacturing process and the
        herbicides themselves, and variables determining levels of dioxin in the chemical
        herbicides' manufacturing process, and its existence in the herbicides, created a
        substantial risk to human health;

   b.   That exposure to the herbicides would be harmful to humans by reason of historical
        experiences involving occupation related injuries to workers following exposure to
        dioxin-contaminated materials in Defendants' manufacturing facilities in addition to
        substantial scientific information in the Defendants' possession, custody and control,
        evidencing the extreme toxicity of such material;

   c.   That the levels of dioxin contamination in the herbicides manufactured for use in
        Vietnam could be reduced by the use of appropriate analytical and detection
        procedures, coupled with alternative and careful methods of manufacturing or quality
        control and that the Defendants could have eliminated the substantial risk to human
        health involved in the use of the herbicides in Vietnam;

   d.   That the Defendants already had information in the form of judgments and
        assessments of the risks to health;

e. That the deployment and use of the herbicides manufactured by the Defendants in Vietnam could and would cause substantial adverse affects to persons who were exposed to the herbicides.

57. That during the period of 1961 to 1972, the United States Government officials responsible for the decision to deploy the Agent Orange herbicides in Vietnam did not know about the information set forth in the preceding paragraph with respect to the phenoxyherbicides' manufacturing processes, dioxin as a contaminant, applicable detection and risk reduction methods, and health hazards associated with human exposure to such herbicides.

58. Defendants jointly agreed to conceal this information from and refrain from disclosing it in a timely fashion to USG officials responsible for the decision to use those herbicides in Vietnam.

59. During the period from 1961 to 1972, the Defendants had a duty to but failed to warn and share with the Government, the aforesaid information which the Defendants knew or should have known with respect to the Agent Orange herbicides they were supplying to the United States Government for use in Vietnam.

60. During the period from 1961 to 1972, the Defendants also knew that the dioxin contaminated herbicides which they were supplying to the Government would be contained in drums unmarked with any corporate identification and mixed together with other contaminated Defendants' products before being sprayed in Vietnam.

61. By reason of the Defendants' failure to warn the Government of the health hazards accompanying the use of the dioxin contaminated herbicides being sold to the Government, and by reason of the Defendants' failure to disclose to the Government material information about the herbicides' manufacturing processes, dioxin as a contaminant, and detection and

risk reduction methods, the Government failed to explicitly specify that the herbicides be free from toxic levels of dioxin.

62. By reason of each Defendant's breach of its duty to warn and to share such information with the Government and military, the Government and military were prevented from:

   a.  making an informed decision not to use a particular Defendant's dioxin contaminated herbicides.

   b.  imposing protective safety measures in connection with the use of phenoxy herbicides in Vietnam; or prescribing their use in a manner that would have protected the risk of exposure to the military servicemen;

   c.  providing exposed soldiers prophylactic medical examinations and treatment to avert or mitigate injuries caused by such exposure; and

   d.  deciding not to use such herbicides in the Vietnam conflict whatsoever, or, alternatively, to sharply curtail their use in a limited fashion designed to prevent human exposures and injuries.

63. Each of the Defendants' failure to warn the responsible Government and military officials and to share its information as above alleged prevented the military and Government from taking the actions described in the above paragraphs.

64. But for the negligent failure of the Defendants to warn, the Vietnam veterans herein would not have sustained injuries.

65. The Defendants' defective products were used in foreseeable manners and brought about foreseeable injuries to the Vietnam veteran.

66. As an actual and proximate result of each Defendant's breach of its aforesaid duties, the Vietnam veterans herein were exposed to the Defendants' herbicides and thereby caused to

suffer severe injuries, diseases, physical disorders and irritations, for which the plaintiffs are entitled to and seek to recover monetary damages from the Defendants.

67.     By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfeasors to pay such damages to the plaintiffs.

## Second Claim:  Breach of Duty to Warn
## as to the other Defendants' Products

68.     The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

69.     Each Defendant knew or should have known that the other Defendants were manufacturing and selling to the military dioxin contaminated herbicides for use in Vietnam during the period 1961 and 1972.

70.     Each Defendant knew or should have known that the herbicides being supplied by other defendants to the military for use in Vietnam were dangerous to human health.

71.     Each Defendant knew or should have known that the other Defendants failed to warn the Government purchasers and users  as to the health hazards associated with the use of their products in a timely manner and that the other Defendants had also failed to share with the Government material information in a timely manner about the phenoxy herbicide manufacturing processes, dioxin as a contaminant of that process, and detection and risk reduction methods.

72.     Each Defendant knew or should have known that none of the barrels of Agent Orange they sold to the government contained any company identifying marks, and that the Agent Orange herbicides shipped to Vietnam would be mixed and sprayed without discrimination as to which Defendant's product was being utilized and that the Vietnam veterans herein would

be exposed to such dioxin contaminated herbicides and would suffer the injuries complained of.

73. Each Defendant's breach of its duty to warn and to share with the Government the information with respect to the other Defendants' dioxin contaminated herbicides, the health hazards associated therewith and the means of detection, and risk avoidance and risk reduction, was a substantial factor in preventing the military from taking the action described in Paragraph 61.

74. The Defendants' failure to warn as to the other Defendants' defective products was a substantial factor in bringing about the harm these Vietnam veterans.

75. The Defendants' defective products were used in foreseeable manners and brought about foreseeable injuries to the Vietnam veterans who were a foreseeable victims.

76. As actual and proximate results of each Defendant's breach of its aforesaid duties, the Vietnam veterans herein were exposed to the Defendants' herbicides and thereby caused to suffer severe injuries, diseases, physical disorders and irritations, for which the plaintiffs are entitled to and seek to recover monetary damages from the Defendants.

77. By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfeasors to pay such damages to the plaintiffs.

## CLAIMS UNDER FRAUD
## AND MISREPRESENTATION

78. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

79. Each Defendant knew its product was hazardous to human health and contaminated. Each Defendant knew that the other Defendants' herbicides were hazardous and contaminated with

dioxin. None of the Defendants warned in a timely manner the uninformed, less expert military purchasers and users of the toxic the herbicides of the dioxin contamination and the means of its avoidance.

80.     The Defendants instead falsely and fraudulently misrepresented the facts to the pertinent United States Government Officials, conspired and acted in concert secretly and persistently to deceive the military and other governmental agencies about the matters hereinbefore alleged through misrepresentations, suppression and withholding of information and other schemes.

81.     The Defendants knew that each other's herbicides were dangerous to human health and contaminated with dioxin; that each other's products constituted a breach of the duty to warn, and that each was negligent in the design and production of the Agent Orange herbicides being supplied to the government or used in Vietnam and that exposure to such herbicides could and would cause injuries to the Vietnam veteran.

82.     The Defendants, and each of them, knew of health hazards associated with exposure to such herbicides and each of them during the period in question either made affirmative statements misrepresenting material facts concerning such hazards or willfully did not disclose such material facts by conscious and willful omission.

83.     By reason of the Defendants' misrepresentations, the military and the Government responsible for procuring and distributing Agent Orange were lulled into a belief that the Defendants' Agent Orange herbicides were safe to human health, and the military was prevented from taking the actions described in the above Paragraphs.

84.     Defendants conspired to conceal and affirmatively misrepresent the health hazards of Agent Orange and dioxin to the U.S. government. Defendants aided and abetted one another in

furtherance of the conspiracy to perpetrate the fraud that Agent Orange was harmless to the health of humans and contained no dioxin at levels harmful to humans.

85.     Each of the Defendants' products was defective and dangerous to human health, especially in view of the presence of the toxic contaminant dioxin.

86.     By reason of the foregoing, each Defendant is individually, jointly and severally liable for the injuries suffered by the Vietnam veteran and is responsible for and must pay all special, general, compensatory and punitive damages.

## CLAIMS UNDER CONSPIRACY AND AIDING AND ABETTING

87.     Plaintiffs incorporated by reference all of the preceding paragraphs as though fully set forth.

88.     Defendants entered into specific agreements to conceal and suppress information to make false representations about the safety of their phenoxy herbicides. This conspiracy of silence thus required the participation of each and every member of the conspiracy in order to succeed. If one member disclosed the truth about the dangers of these herbicides to the government, the other members would no longer be able to conceal the truth.

89.     By jointly agreeing to fraudulently conceal and misrepresent the danger of their phenoxy herbicides to the government, each defendant, acting individually, aided and abetted the others in fraudulently concealing and misrepresenting these dangers to the government and plaintiffs.

90.     By reason of the foregoing, each Defendant is individually, jointly and severally liable for the injuries suffered by the Vietnam veterans described herein and is responsible for and must pay all special, general, compensatory and punitive damages.

## CLAIMS FOR PUNITIVE DAMAGES

91.  The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the
     above Paragraphs.

92.  Each Defendant knew or had reason to know not only that its conduct and the other
     Defendants' conducts created an unreasonable risk of harm to the Vietnam veteran but also
     that such harm was substantially certain to occur. Nevertheless, each Defendant proceeded
     with its conduct in reckless or conscious disregard of such consequences to the Vietnam
     veterans herein.

93.  As actual and proximate results, the Vietnam veterans described herein suffered the injuries
     complained thereof, and are entitled to punitive damages, in addition to special, general, and
     compensatory damages.

94.  Wherefore, the plaintiffs demand judgment of the "corporate Defendants" DOW
     CHEMICAL COMPANY, MONSANTO COMPANY, PHARMACIA CORPORATION,
     SOLUTIA, INC, HERCULES, INCORPORATED, THOMPSON HAYWARD CHEMICAL
     CO., T-H AGRICULTURE & NUTRITION CO.; OCCIDENTAL PETROLEUM
     CORPORATION, OCCIDENTAL CHEMICAL CORP., UNIROYAL, INC., C.D.U.
     HOLDING, INC., UNIROYAL CHEMICAL COMPANY, HARCROS CHEMICALS INC.,
     ULTRAMAR DIAMOND SHAMROCK CORPORATION, MAXUS ENERGY CORP,
     TIERRA SOLUTIONS INC. and CHEMICAL LAND HOLDINGS, INC. the following
     relief:

     a.  Judgment in such sums as are fair and reasonable as this Court and jury shall find in
         favor of the plaintiffs as shall fully, adequately and completely compensate them for
         all usual and customary elements of damage awardable in cases of personal injuries
         or wrongful death, as appropriate, both general and special, including but not limited

to physical pain and mental suffering, past, present and future, the reasonable and necessary costs of medical and hospital services and treatments, past, present and future, loss of earnings, disabilities, disfigurements, loss of society, consortium, services and companionship, and all other recognized losses, costs and damages incurred by the plaintiffs;

b.    Judgment in favor of the plaintiffs and for punitive damages in an amount to be determined by the Court and jury of sufficient magnitude to adequately punish Defendants and each of them, jointly and severally, by reason of their willful and wrongful conduct and the great magnitude of damages which it has wrought;

c.    Together with such other and further relief as to this Court shall seem just and proper under the circumstances, plus interest, reasonable counsel fees and the costs and disbursements of this action.

**MARK I. BRONSON   MO Bar #23183**
**NEWMAN BRONSON & WALLIS**
**2300 West Port Plaza Drive**
**St. Louis, MO 63146-3213**
**(314) 878-8200**
**FAX (314) 878-7839**

**ATTORNEYS FOR PLAINTIFFS**

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

| | | |
|---|---|---|
| **JAMES MACKRILL, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Cause No.** _____ |
| v. | ) | **Division No. 1** |
| | ) | |
| **DOW CHEMICAL COMPANY, et al.,** | ) | |

**Defendants.**

### DIRECTIONS FOR ISSUANCE OF SUMMONS

NOW COME the plaintiffs, and request **SUMMONS ISSUE FOR SERVICE BY**

**MAIL** in accordance with Supreme Court Rule 54.16 upon the Defendants:

**Dow Chemical Company**
c/o The Corporation Company
120 South Central Avenue
Clayton, MO 63105

**Monsanto Company**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

**Pharmacia Corporation**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

**Solutia, Inc.**
c/o The Corporation Company
120 S. Central Avenue
Clayton, MO 63105

**Hercules, Incorporated**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

- 1 -

**Thompson Hayward Chemical Co.**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

**T-H Agriculture & Nutrition Co.**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

**Occidental Petroleum Corporation**
c/o CT Corporation System Corporation
120 S. Central Avenue
Clayton, MO 63105

**Occidental Chemical Corporation**
c/o CT Corporation System Corporation
120 S. Central Avenue
Clayton, MO 63105

**Uniroyal, Inc.**
c/o Prentice-Hall Corp. System
222 East Dunklin Street
Jefferson City, MO 65101

**C.D.U. Holding, Inc.**
c/o CT Corporation System
120 S. Central
St. Louis, MO 63105

**Uniroyal Chemical Company**
199 Benson Road
Middlebury, CT 06749

**Harcros Chemicals Inc.**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

**Ultramar Diamond Shamrock Corporation**
6000 N. Loop 1604 West
San Antonio, TX 78249

- 2 -

**Maxus Energy Corp.**
1330 Lake Robbins Drive, # 300
The Woodlands, TX 77380

**Tierra Solutions, Inc.**
2 Tower Center Blvd., FL 10
East Brunswick, NJ 08816

**Chemical Land Holdings, Inc.**
1330 Lake Robbins Dr., # 300
The Woodlands, TX 77380

**MARK I. BRONSON  MO Bar #23183**
**NEWMAN BRONSON & WALLIS**
**2300 West Port Plaza Drive**
**St. Louis, MO 63146-3213**
**(314) 878-8200**
**FAX (314) 878-7839**

*ATTORNEYS FOR PLAINTIFFS*

- 3 -

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

| | |
|---|---|
| **JAMES MACKRILL, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | **Cause No.** _____ |
| **v.** ) | **Division No. 1** |
| ) | |
| **DOW CHEMICAL COMPANY, et al.,** ) | |

**Defendants.**

### DIRECTIONS FOR ISSUANCE OF SUMMONS

NOW COME the plaintiffs, and request **SUMMONS ISSUE FOR SERVICE BY**

**MAIL** in accordance with Supreme Court Rule 54.16 upon the Defendants:

**Dow Chemical Company**
c/o The Corporation Company
120 South Central Avenue
Clayton, MO 63105

**Monsanto Company**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

**Pharmacia Corporation**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

**Solutia, Inc.**
c/o The Corporation Company
120 S. Central Avenue
Clayton, MO 63105

**Hercules, Incorporated**
c/o CT Corporation System
120 S. Central Avenue
Clayton, MO 63105

- 1 -

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

| | |
|---|---|
| **JAMES MACKRILL,** ) | |
| **and** ) | |
| **MICHAEL ELLIOT JAMES,** ) | **Cause No.** _____ |
| **and** ) | |
| **ROBERT CAIN,** ) | **Division No. 1** |
| **and** ) | |
| **SHAWN JOHNSON,** ) | |
| **and** ) | **TRIAL BY JURY DEMANDED** |
| **WILLIAM A. FERRELL,** ) | |
| **and** ) | |
| **MICHAEL J. HEAVEY,** ) | **PRODUCT LIABILITY** |
| **and** ) | |
| **ELWOOD MORRIS,** ) | |
| **and** ) | |
| **EDMOND CONNELLY,** ) | |
| **and** ) | |
| **HAROLD YINGER,** ) | |
| **and** ) | |
| **NEIL SILVERMANN,** ) | |
| **and** ) | |
| **TERRY GRAHAM,** ) | |
| **and** ) | |
| **BOBBY L. FRAZIER,** ) | |
| **and** ) | |
| **ALAN KJELLAND,** ) | |
| **and** ) | |
| **MARK SCHWARTZ AND JULIE ANN** ) | |
| **SCHWARTZ,** ) | |
| **and** ) | |
| **WILLIAM WHITEHEAD AND** ) | |
| **DEBORAH C. WHITEHEAD,** ) | |
| **and** ) | |
| **JOHN J. MORRISON and JEANNALINE** ) | |
| **MORRISON,** ) | |
| **and** ) | |
| **JOSEPH LAROCCA and EMMA L.** ) | |
| **LAROCCA,** ) | |
| **and** ) | |
| **ROBERT KALSCHUER and** ) | |

MAYVELYN KALSCHEUER,                    )
and                                     )
STEPHEN WALTERS and CAROL ANN           )
WALTERS,                                )
and                                     )
CLYDE MORTON and DIANE W.               )
MORTON,                                 )
and                                     )
EDWARD PENTZ and WINNIE PENTZ,          )
and                                     )
GERALD FRASCHILLA and                   )
DARLENE FRASCHILLA,                     )
and                                     )
KEITH VANDERPOOL and MARIE L.           )
VANDERPOOL,                             )
and                                     )
MELVIN SCOTT and CARLA M.               )
SCOTT,                                  )
and                                     )
HERBERT MCKIE and KARON MCKIE           )
and                                     )
RICHARD MOISAN and PEGGY ANN            )
MOISAN,                                 )
and                                     )
JAMES HOOPAUGH and TRISH                )
HOOPAUGH,                               )
and                                     )
DOUGLAS A. HAIR and JANICE HAIR         )
and                                     )
ALFRED PETERSEN and BARBARA A.          )
PETERSEN,                               )
and                                     )
JERRY FLEMMING and BEVERLY              )
FLEMMING,                               )
and                                     )
JOSPEH TOWNSEND and ANN M.              )
TOWNSEND,                               )
and                                     )
RUDOLPH BOLVES and J'ANNE               )
BOLVES,                                 )
and                                     )
WENDELL L. BROCKINGTON and              )
SHEILA P. BROCKINGTON,                  )

|  |  |
|---|---|
| **and** | ) |
| **BILLY R. ALLEN and DELORA ALLEN,** | ) |
| **and** | ) |
| **JOHN LAAKS and MARY EDITH** | ) |
| **LAAKS,** | ) |
| **and** | ) |
| **ROBERT D. HARDY, SR. and** | ) |
| **KATHLEEN HARDY,** | ) |
| **and** | ) |
| **FRANCIS FAGAN, JR. and BILLIE** | ) |
| **JEAN FAGAN,** | ) |
| **and** | ) |
| **JOHN COLEMAN and FRANCINE** | ) |
| **COLEMAN,** | ) |
| **and** | ) |
| **LARRY BINKLEY and BARBARA P.** | ) |
| **BINKLEY,** | ) |
| **and** | ) |
| **ROBERT E. TAYLOR and THERESA** | ) |
| **TAYLOR,** | ) |
| **and** | ) |
| **DENNIS HAWKER and DIANE** | ) |
| **HAWKER,** | ) |
| **and** | ) |
| **ROBERT ZAK and BONNIE ZAK,** | ) |
| **and** | ) |
| **ANGELO DE FIDE and MARTHA** | ) |
| **DE FIDE,** | ) |
| **and** | ) |
| **DARRELL HUSTON and CYNTHIA A.** | ) |
| **HUSTON,** | ) |
| **and** | ) |
| **SHERMAN W. FRANKLIN, SR. and** | ) |
| **ALMA CORAZON FRANKLIN,** | ) |
| **and** | ) |
| **FRED GONZALES, JR. and LORRAINE** | ) |
| **GONZALES,** | ) |
| **and** | ) |
| **MARK WHITAKER, SR. and BARBARA** | ) |
| **WHITAKER,** | ) |
| **and** | ) |
| **JOHN F. FRANK and DARLENE FRANK.** | ) |
| **and** | ) |

KENNETH DOCKERY and DONNA )
FAYE, )
and )
THURMAN THOMAS and BRENDA )
THOMAS, )
and )
WILLIAM HIGGINS and LENORE )
HIGGINS, )
and )
MIKE WADDELL and CYNTHIA )
WADDELL, )
and )
BARBARA V. PFEIFFER, SURVIVOR )
OF RICHARD PFEIFFER, )
and )
BARBARA WHITAKER, SURVIVOR )
OF MARK WHITAKER, )
and )
MARGARET KELLEY, SURVIVOR OF )
PATRICK KELLEY, )
and )
CONNIE ELLIOT, SURVIVOR OF )
KEN ELLIOT, )
and )
JAN HENDRIX, SURVIVOR OF )
GEORGE HENDRIX, )
)
       Plaintiffs, )
     v. )
)
DOW CHEMICAL COMPANY, )
and )
MONSANTO COMPANY, )
and )
PHARMACIA CORPORATION, )
and )
SOLUTIA, INC., )
and )
HERCULES, INCORPORATED, )
and )
THOMPSON HAYWARD CHEMICAL CO., )
and )
T-H AGRICULTURE & NUTRITION CO. )

| | |
|---|---|
| **and** | ) |
| **OCCIDENTAL PETROLEUM** | ) |
| **CORPORATION,** | ) |
| **and** | ) |
| **OCCIDENTAL CHEMICAL CORP.,** | ) |
| **and** | ) |
| **UNIROYAL, INC.,** | ) |
| **and** | ) |
| **C.D.U. HOLDING, INC.,** | ) |
| **and** | ) |
| **UNIROYAL CHEMICAL COMPANY,** | ) |
| **and** | ) |
| **HARCROS CHEMICALS INC.,** | ) |
| **and** | ) |
| **ULTRAMAR DIAMOND SHAMROCK** | ) |
| **CORPORATION,** | ) |
| **and** | ) |
| **MAXUS ENERGY CORP.,** | ) |
| **and** | ) |
| **TIERRA SOLUTIONS INC.,** | ) |
| **and** | ) |
| **CHEMICAL LAND HOLDINGS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## PETITION

## PLAINTIFFS

1.    Plaintiff Vietnam veteran James Mackrill is a citizen of and resides in the state of Missouri.

He brings this action along with Plaintiff Vietnam Veteran Michael Elliot James, Plaintiff

Vietnam Veteran Robert Cain, Plaintiff Vietnam Veteran Shawn Johnson, Plaintiff Vietnam

Veteran William A. Ferrell, Plaintiff Vietnam Veteran Michael J. Heavey, Plaintiff Vietnam

Veteran Elwood Morris, Paintiff Vietnam Veteran Edmond Connelly, Plaintiff Vietnam

Veteran Harold Yinger, Plaintiff Vietnam Veteran Neil Silvermann, Plaintiff Vietnam

Veteran Terry Graham, Plaintiff Vietnam Veteran Bobby L Frazier, Plaintiff Vietnam

Veteran Alan Kjelland, Plaintiff Vietnam Veteran Mark Schwartz and wife Julie Ann Schwartz, Plaintiff Vietnam Veteran William Whitehead and wife Deborah C. Whitehead, Plaintiff Vietnam Veteran John J. Morrison and wife Jeannaline Morrison, Plaintiff Vietnam Veteran Joseph Larocca and wife Emma L. Larocca, Plaintiff Vietnam Veteran Robert Kalscheuer and wife Mayvelyn G. Kalscheuer, Plaintiff Vietnam Veteran Stephen Walters and wife Carol Ann Walters, Plaintiff Vietnam Veteran Clyde Morton and wife Diane W. Morton, Plaintiff Vietnam Veteran Edward Pentz and wife Winnie Pentz, Plaintiff Vietnam Veteran Gerald Fraschilla and wife Darlene Fraschilla, Plaintiff Vietnam Veteran Keith Vanderpool and wife Marie L. Vanderpool, Plaintiff Vietnam Veteran Melvin Scott and wife Carla M. Scott, Plaintiff Vietnam Veteran Herbert McKie and wife Karon McKai, Plaintiff Vietnam Veteran Richard Moisan and wife Peggy Ann Moisan, Plaintiff Vietnam Veteran James Hoopaugh and wife Trish Hoopaugh, Plaintiff Vietnam Veteran Douglas A. Hair and wife Janice Hair, Plaintiff Vietnam Veteran Alfred Petersen and wife Barbara A. Petersen, Plaintiff Vietnam Veteran Jerry Fleming and wife Beverly Fleming, Plaintiff Vietnam Veteran Joseph Townsend and wife Ann M Townsend, Plaintiff Vietnam Veteran Rudolph Bolves and wife J'Anne Bolves, Plaintiff Vietnam Veteran Wendell L Brockington and wife Sheila P. Brockington, Plaintiff Vietnam Veteran Billy R Allen and wife Delora Allen, Plaintiff Vietnam Veteran John Laaks and wife Mary-Edith Laaks, Plaintiff Vietnam Veteran Robert D Hardy Sr and wife Kathleen Hardy, Plaintiff Vietnam Veteran Francis Fagan Jr and wife Billie Jean Fagan, Plaintiff Vietnam Veteran John Coleman and wife Francine Coleman, Plaintiff Vietnam Veteran Larry Binkley and wife Barbara P. Binkley, Plaintiff Vietnam Veteran Robert E Taylor and wife Theresa Taylor, Plaintiff Vietnam Veteran Dennis Hawker

and wife Diane Hawker, Plaintiff Vietnam Veteran Robert Zak and wife Bonnie Zak, Plaintiff Vietnam Veteran Angelo De Fide and wife Martha De Fide, Plaintiff Vietnam Veteran Darrell Huston and wife Cynthia A. Huston, Plaintiff Vietnam Veteran Sherman W. Franklin Sr. and wife Alma Corazon Franklin, Plaintiff Vietnam Veteran Fred Gonzales Jr. and wife Lorraine Gonzales, Plaintiff Vietnam Veteran Mark Whitaker Sr and wife Barbara Whitaker, Plaintiff Vietnam Veteran John F Frank and wife Darlene Frank, Plaintiff Vietnam Veteran Kenneth Dockery and wife Donna Faye, Plaintiff Vietnam Veteran Thurman Thomas and wife Brenda Thomas, and Plaintiff Vietnam Veteran William Higgins and wife Lenore Higgins, Plaintiff Vietnam Veteran Mike Waddell and wife Cynthia Waddell.. Each Vietnam veteran was exposed to the Defendants' herbicides which contained dioxin contamination while serving in Vietnam, and each Vietnam veteran sustained various personal injuries, including but not limited to the non-Hodgkin's lymphoma cancer as a result of that service, thereby each suffering injuries and damages in excess of the jurisdictional amount of Twenty Five Thousand Dollars ($25,000.00).

2.   Plaintiff Barbara V. Pfeiffer, Survivor of Vietnam Veteran Richard Pfeiffer, Plaintiff Barbara Whitaker, Survivor of Vietnam Veteran Mark Whitaker, Plaintiff Margaret Kelley, Survivor of Vietnam Veteran Patrick Kelley, Plaintiff Connie Elliot, Survivor of Vietnam Veteran Ken Elliot, and Plaintiff Jan Hendrix, Survivor of Vietnam Veteran George Hendrix, bring this action in accordance with § 537.080 et. seq. for wrongful death which death was caused as a result of each Vietnam veteran being exposed to herbicides which contained dioxin contamination while serving in Vietnam and sustaining personal injuries, including, but not limited to, non-Hodgkin's lymphoma, as a result of service in Vietnam, thereby

resulting in injuries and damages to each in excess of the jurisdictional amount of Twenty

Five Thousand Dollars ($25,000.00).

## DEFENDANTS

3. Defendant Dow Chemical Company is a Delaware corporation with its principal place of
   business in Midland, Michigan.

4. Defendant Monsanto Company is a Delaware corporation with its principal place of business
   in St. Louis, Missouri and liable for the acts of Monsanto Company and Pharmacia
   Corporation.

5. Defendant Pharmacia Corporation is a Delaware corporation with its principal place of
   business in St. Louis, Missouri, and liable for the acts of Monsanto Company.

6. Defendant Solutia, Inc. is a Delaware corporation with its principal place of business in St.
   Louis, Missouri, and liable for the acts of Monsanto Company and Pharmacia Corporation.

7. Defendant Hercules Incorporated is a Delaware corporation with its principal place of
   business in Wilmington, Delaware.

8. Defendants Thompson Hayward Chemical Co. a/k/a Thompson Chemical Corporation and
   T-H Agriculture & Nutrition Company are Delaware corporations with its principal places
   of business in Kansas City, Kansas.

9. Defendant Occidental Petroleum Corp. is a Delaware Corporation with its principal place of
   business in Los Angeles, California.

10. Defendant Occidental Chemical Corporation is a New York corporation with its principal
    place of business in Dallas, Texas.

11. Defendants Uniroyal, Inc., C.D.U. Holding, Inc. and Uniroyal Chemical Company are New Jersey corporations with their principal places of business in Middlebury Connecticut.

12. Defendant Harcros Chemicals Inc. is a Delaware corporation with its principal place of business in Kansas City, Kansas.

13. Ultramar Diamond Shamrock Corporation, Chemical Land Holdings, Inc., Tierra Solutions, Inc., and Maxus Energy Corporation are related corporations with their principal place of business in San Antonio, Texas, and manufactured Agent Orange in New Jersey.

14. The defendants, and each of them, are registered to do business and do business in Missouri and are further subject to the jurisdiction of this Court in accordance with the Missouri Long Arm Statute, § 508.500 RSMo.

15. Venue is proper in the City of St. Louis in accordance with § 508.040 RSMo., for the reason that one or more of the defendants have or usually keep an office(s) or agent(s) for the transaction of usual and customary business in the City of St. Louis, Missouri, and the cause(s) of action alleged herein against one or more of the defendants occurred and/or accrued in the City of St. Louis, Missouri.

## NON-REMOVEABILITY

16. This case is not removable to federal court because there is no complete diversity of citizenship and the claims do not arise under federal law.

17. At all times material hereto, defendants were not acting as government officers, but private contractors selling off the shelf products to the U.S. government.

18.    Defendants could have fully complied with their government contracts without producing detectable dioxin contamination in the herbicides they sold to the U.S. government for use in Vietnam, including, but not limited to, Agent Orange.

## ACTS OF DEFENDANTS

19.    During the period of 1961 to 1972 each of the corporate Defendants designed, manufactured, marketed, distributed and sold to the United States Government the phenoxy herbicides (hereinafter collectively described as Agent Orange herbicides), known as Agent Orange, Orange II, Purple, Pink and Green, and whose basic component formulations were:

a.     Agent Orange was a 50/50 mixture of the n-butyl esters of 2,4-D and 2,4,5-T (2,4,5-tricholorophenoxyacetic acid);

b.     Agent Orange II was a 50/50 mixture of the isooctyl ester of 2,4,5-T and the n-butyl ester of 2,4-D;

c.     Agent Purple was a 50/30/20 by weight mixture of the n-butyl ester of 2,4,-D, n-butyl ester of 2,4,5-T and isobutyl ester of 2,4,5-T;

d.     Agent Pink was a 60/40 by weight mixture of n-butyl ester of 2,4,5-T and the isobutyl ester of 2,4,5-T;

e.     Agent Green was a single component formulation consisting of n-butyl of 2,4,5-T.

20.    The herbicides listed in paragraph 19 above were manufactured and sold by the Defendants to the United States Government for use in Vietnam during the aforesaid period, contained deadly toxic contaminants, including dioxins, which were inherently dangerous to human health and capable of causing severe injuries to persons exposed thereto. This included the

most toxic and deadly dioxin 2,3, 4, 5,7,8-tetrachlorodibenzo para dioxin, more commonly referred to as "TCDD" or "dioxin".

21. Each Defendant's herbicides as listed in Paragraph 19 above and as supplied to the military for use in Vietnam contained the toxic contaminant dioxin, was defective, and unreasonably dangerous to each Vietnam veteran.

## INJURY TO PLAINTIFF

22. As a direct and proximate result of the acts described above, each plaintiff Vietnam veteran described in Paragraph 1 above was caused to suffer grievous, serious, and severe injuries, and sustained serious and permanent injuries to their health, strength and activity, and severe shock to their nervous system, including but not limited to Non-Hodkins Lymphoma cancer which was manifested and diagnosed less than five years before commencement of this action.

23. As a direct and proximate result of the acts described above, each plaintiff Vietnam veteran described in Paragraph 2 above was caused to suffer grievous, serious, and severe injuries, and sustained serious and permanent injuries to their health, strength and activity, and severe shock to their nervous system, including but not limited to non-Hodgkins Lymphoma cancer which was manifested and diagnosed which resulted in that veteran's untimely death less than three years before commencement of this action.

24. As a further proximate result of the defendants' wrongful conduct, each Vietnam veteran was required to, and did, employ physicians and surgeons to examine, treat and care for him, and each Vietnam veteran incurred, hospital, medical and other and additional incidental

expenses while each Vietnam veteran described in Paragraph 1 above will continue to incur such expenses..

25. As a further proximate result of the defendants' wrongful conduct, each Vietnam veteran's wife described in Paragraph 1 above has lost and will lose the consortium of her spouse.

## COUNT I
## PRODUCT LIABILITY
### Strict Liability in Tort
## DESIGN DEFECT

26. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

27. During the period from 1961 to 1972 each of the Defendants designed, manufactured, and sold the United States Government for use in Viet Nam herbicides contaminated with dioxin.

28. At all times herein mentioned, the Defendants had a duty to make a safe product and breached that duty by designing and manufacturing the herbicides intended for use in Viet Nam which were defective and unreasonably dangerous.

29. But for the design defect of the Defendants, the Vietnam veterans and their spouses, as applicable, would not have sustained their injuries and damages.

30. The herbicides manufactured by the Defendants were not produced in accordance with military specifications set forth in their Government contracts.

31. The Government contracts, pursuant to which the Defendants manufactured their Agent Orange herbicides, did not order, request, or put limitations on any permissible level of the toxic contaminant dioxin. The herbicides produced by the Defendants were generally similar in that all had dangerous levels of dioxin, but except that they contained varying degrees of

the toxic contaminant dioxin. The Defendants jointly controlled all of the manufacturing processes used in the production of the dioxin-containing herbicides supplied to the military.

32. The Defendants' defective products were used in a foreseeable manner and brought about foreseeable injuries to the Vietnam veterans described in Paragraphs 1 and 2 of this complaint.

33. As actual and proximate results of the Defendants' defective products, the Vietnam veterans were exposed to the Defendants' herbicides and were thereby caused to suffer severe injuries complained thereof.

34. By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfeasors to pay such damages to plaintiffs and each of them.

## Strict Liability in Tort
## INADEQUATE WARNING

35. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

36. During the period from 1961 to 1972 each Defendant designed, manufactured, and sold to the United States Government the contaminated herbicides for use in Vietnam by Vietnam veterans.

37. The Defendants had a duty to give timely warnings to the United States Government of the full danger of their products, including, but not limited to, their level of dioxin contamination, and breached that duty by manufacturing the herbicides without such adequate timely warnings, rendering their products defective and unreasonably dangerous.

38. The Vietnam veterans had no reason to expect or anticipate that the herbicides would cause them severe harm.

39. The Defendants did not give an adequate timely warning as to the danger or extent of contamination of the defective products either to the United States Government Officials responsible for decision(s) to deploy the herbicides or to the Vietnam veterans who were at risk from the danger of the defective products.

40. But for the Defendants' failure to provide adequate timely warnings to the United States Government, the Vietnam veterans would not have sustained injuries.

41. The Defendants' defective products were used in foreseeable manners and brought about foreseeable injuries on the Vietnam veterans who were a foreseeable victims.

42. As actual and proximate results of the Defendants' inadequate warnings, the Vietnam veterans were exposed to the Defendants' herbicides and were thereby caused to suffer severe injuries complained hereof.

43. By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfeasors to pay such damages to plaintiffs.

## COUNT II
### Negligence
### DESIGN AND PRODUCTION

44. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

45. During the period from 1961 to 1972 each Defendant designed, manufactured, and sold to the United States Government the contaminated herbicides.

46. The Defendants had a duty to make safe product and breached the duty by manufacturing herbicides that were defective and unreasonably dangerous.

47. Each Defendant negligently designed and produced the herbicides it supplied to the United States Government for use in Vietnam in that each Defendant:

    a.    failed to design its herbicides so that they were free from detectable amounts of the toxic contaminant dioxin;

    b.    failed to follow reasonable manufacturing methods and procedures that would avoid the formation of or eliminate the toxic contaminant dioxin;

    c.    failed to test the Agent Orange herbicides to insure that they were free from the toxic contaminant dioxin.

48.    Defendants could have fully complied with all provisions of their contracts with the United States Government and still produced their herbicides without toxic levels of dioxin, had they used reasonable manufacturing and quality control procedures.

49.    The Defendants owned or controlled virtually all of the phenoxyherbicide market and product capacity and supplied to the military over 99% of the herbicides contracted for and received over 99% of the purchase price.

50.    Each Defendant's herbicide was toxic and harmful to human health and contaminated with dioxin in varying degrees.

51.    But for the defective design of the Defendants, Vietnam veterans herein would not have sustained injuries.

52.    The Defendants' defective products were used in foreseeable manners and brought about foreseeable injuries to the Vietnam veterans herein who were foreseeable victims.

53.    As actual and proximate results of the Defendants' negligent design, the Vietnam veterans herein were exposed to the Defendants' herbicides and thereby caused to suffer severe injuries complained hereof.

54.    By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfesors to pay such damages to the plaintiffs.

## COUNT III
## CLAIMS UNDER NEGLIGENCE
### First Claim: Breach of Duty to Warn
### as to the Defendants' Products

55.    The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the
       above Paragraphs.

56.    The Defendants, individually and collectively, knew of the following:

       a.    That dioxin, its extreme toxicity, its presence in the manufacturing process and the
             herbicides themselves, and variables determining levels of dioxin in the chemical
             herbicides' manufacturing process, and its existence in the herbicides, created a
             substantial risk to human health;

       b.    That exposure to the herbicides would be harmful to humans by reason of historical
             experiences involving occupation related injuries to workers following exposure to
             dioxin-contaminated materials in Defendants' manufacturing facilities in addition to
             substantial scientific information in the Defendants' possession, custody and control,
             evidencing the extreme toxicity of such material;

       c.    That the levels of dioxin contamination in the herbicides manufactured for use in
             Vietnam could be reduced by the use of appropriate analytical and detection
             procedures, coupled with alternative and careful methods of manufacturing or quality
             control and that the Defendants could have eliminated the substantial risk to human
             health involved in the use of the herbicides in Vietnam;

       d.    That the Defendants already had information in the form of judgments and
             assessments of the risks to health;

e. That the deployment and use of the herbicides manufactured by the Defendants in Vietnam could and would cause substantial adverse affects to persons who were exposed to the herbicides.

57. That during the period of 1961 to 1972, the United States Government officials responsible for the decision to deploy the Agent Orange herbicides in Vietnam did not know about the information set forth in the preceding paragraph with respect to the phenoxyherbicides' manufacturing processes, dioxin as a contaminant, applicable detection and risk reduction methods, and health hazards associated with human exposure to such herbicides.

58. Defendants jointly agreed to conceal this information from and refrain from disclosing it in a timely fashion to USG officials responsible for the decision to use those herbicides in Vietnam.

59. During the period from 1961 to 1972, the Defendants had a duty to but failed to warn and share with the Government, the aforesaid information which the Defendants knew or should have known with respect to the Agent Orange herbicides they were supplying to the United States Government for use in Vietnam.

60. During the period from 1961 to 1972, the Defendants also knew that the dioxin contaminated herbicides which they were supplying to the Government would be contained in drums unmarked with any corporate identification and mixed together with other contaminated Defendants' products before being sprayed in Vietnam.

61. By reason of the Defendants' failure to warn the Government of the health hazards accompanying the use of the dioxin contaminated herbicides being sold to the Government, and by reason of the Defendants' failure to disclose to the Government material information about the herbicides' manufacturing processes, dioxin as a contaminant, and detection and

risk reduction methods, the Government failed to explicitly specify that the herbicides be free from toxic levels of dioxin.

62.    By reason of each Defendant's breach of its duty to warn and to share such information with the Government and military, the Government and military were prevented from:

a.    making an informed decision not to use a particular Defendant's dioxin contaminated herbicides.

b.    imposing protective safety measures in connection with the use of phenoxy herbicides in Vietnam; or prescribing their use in a manner that would have protected the risk of exposure to the military servicemen;

c.    providing exposed soldiers prophylactic medical examinations and treatment to avert or mitigate injuries caused by such exposure; and

d.    deciding not to use such herbicides in the Vietnam conflict whatsoever, or, alternatively, to sharply curtail their use in a limited fashion designed to prevent human exposures and injuries.

63.    Each of the Defendants' failure to warn the responsible Government and military officials and to share its information as above alleged prevented the military and Government from taking the actions described in the above paragraphs.

64.    But for the negligent failure of the Defendants to warn, the Vietnam veterans herein would not have sustained injuries.

65.    The Defendants' defective products were used in foreseeable manners and brought about foreseeable injuries to the Vietnam veteran.

66.    As an actual and proximate result of each Defendant's breach of its aforesaid duties, the Vietnam veterans herein were exposed to the Defendants' herbicides and thereby caused to

suffer severe injuries, diseases, physical disorders and irritations, for which the plaintiffs are entitled to and seek to recover monetary damages from the Defendants.

67. By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfeasors to pay such damages to the plaintiffs.

## Second Claim: Breach of Duty to Warn as to the other Defendants' Products

68. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

69. Each Defendant knew or should have known that the other Defendants were manufacturing and selling to the military dioxin contaminated herbicides for use in Vietnam during the period 1961 and 1972.

70. Each Defendant knew or should have known that the herbicides being supplied by other defendants to the military for use in Vietnam were dangerous to human health.

71. Each Defendant knew or should have known that the other Defendants failed to warn the Government purchasers and users as to the health hazards associated with the use of their products in a timely manner and that the other Defendants had also failed to share with the Government material information in a timely manner about the phenoxy herbicide manufacturing processes, dioxin as a contaminant of that process, and detection and risk reduction methods.

72. Each Defendant knew or should have known that none of the barrels of Agent Orange they sold to the government contained any company identifying marks, and that the Agent Orange herbicides shipped to Vietnam would be mixed and sprayed without discrimination as to which Defendant's product was being utilized and that the Vietnam veterans herein would



be exposed to such dioxin contaminated herbicides and would suffer the injuries complained of.

73. Each Defendant's breach of its duty to warn and to share with the Government the information with respect to the other Defendants' dioxin contaminated herbicides, the health hazards associated therewith and the means of detection, and risk avoidance and risk reduction, was a substantial factor in preventing the military from taking the action described in Paragraph 61.

74. The Defendants' failure to warn as to the other Defendants' defective products was a substantial factor in bringing about the harm these Vietnam veterans.

75. The Defendants' defective products were used in foreseeable manners and brought about foreseeable injuries to the Vietnam veterans who were a foreseeable victims.

76. As actual and proximate results of each Defendant's breach of its aforesaid duties, the Vietnam veterans herein were exposed to the Defendants' herbicides and thereby caused to suffer severe injuries, diseases, physical disorders and irritations, for which the plaintiffs are entitled to and seek to recover monetary damages from the Defendants.

77. By reason of the foregoing, each Defendant is individually, jointly and severally liable as tortfeasors to pay such damages to the plaintiffs.

## CLAIMS UNDER FRAUD AND MISREPRESENTATION

78. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

79. Each Defendant knew its product was hazardous to human health and contaminated. Each Defendant knew that the other Defendants' herbicides were hazardous and contaminated with

dioxin. None of the Defendants warned in a timely manner the uninformed, less expert military purchasers and users of the toxic the herbicides of the dioxin contamination and the means of its avoidance.

80. The Defendants instead falsely and fraudulently misrepresented the facts to the pertinent United States Government Officials, conspired and acted in concert secretly and persistently to deceive the military and other governmental agencies about the matters hereinbefore alleged through misrepresentations, suppression and withholding of information and other schemes.

81. The Defendants knew that each other's herbicides were dangerous to human health and contaminated with dioxin; that each other's products constituted a breach of the duty to warn, and that each was negligent in the design and production of the Agent Orange herbicides being supplied to the government or used in Vietnam and that exposure to such herbicides could and would cause injuries to the Vietnam veteran.

82. The Defendants, and each of them, knew of health hazards associated with exposure to such herbicides and each of them during the period in question either made affirmative statements misrepresenting material facts concerning such hazards or willfully did not disclose such material facts by conscious and willful omission.

83. By reason of the Defendants' misrepresentations, the military and the Government responsible for procuring and distributing Agent Orange were lulled into a belief that the Defendants' Agent Orange herbicides were safe to human health, and the military was prevented from taking the actions described in the above Paragraphs.

84. Defendants conspired to conceal and affirmatively misrepresent the health hazards of Agent Orange and dioxin to the U.S. government. Defendants aided and abetted one another in

furtherance of the conspiracy to perpetrate the fraud that Agent Orange was harmless to the health of humans and contained no dioxin at levels harmful to humans.

85. Each of the Defendants' products was defective and dangerous to human health, especially in view of the presence of the toxic contaminant dioxin.

86. By reason of the foregoing, each Defendant is individually, jointly and severally liable for the injuries suffered by the Vietnam veteran and is responsible for and must pay all special, general, compensatory and punitive damages.

## CLAIMS UNDER CONSPIRACY AND AIDING AND ABETTING

87. Plaintiffs incorporated by reference all of the preceding paragraphs as though fully set forth.

88. Defendants entered into specific agreements to conceal and suppress information to make false representations about the safety of their phenoxy herbicides. This conspiracy of silence thus required the participation of each and every member of the conspiracy in order to succeed. If one member disclosed the truth about the dangers of these herbicides to the government, the other members would no longer be able to conceal the truth.

89. By jointly agreeing to fraudulently conceal and misrepresent the danger of their phenoxy herbicides to the government, each defendant, acting individually, aided and abetted the others in fraudulently concealing and misrepresenting these dangers to the government and plaintiffs.

90. By reason of the foregoing, each Defendant is individually, jointly and severally liable for the injuries suffered by the Vietnam veterans described herein and is responsible for and must pay all special, general, compensatory and punitive damages.

## CLAIMS FOR PUNITIVE DAMAGES

91. The plaintiffs adopt, repeat, reiterate and reallege each and every allegation contained in the above Paragraphs.

92. Each Defendant knew or had reason to know not only that its conduct and the other Defendants' conducts created an unreasonable risk of harm to the Vietnam veteran but also that such harm was substantially certain to occur. Nevertheless, each Defendant proceeded with its conduct in reckless or conscious disregard of such consequences to the Vietnam veterans herein.

93. As actual and proximate results, the Vietnam veterans described herein suffered the injuries complained thereof, and are entitled to punitive damages, in addition to special, general, and compensatory damages.

94. Wherefore, the plaintiffs demand judgment of the "corporate Defendants" DOW CHEMICAL COMPANY, MONSANTO COMPANY, PHARMACIA CORPORATION, SOLUTIA, INC, HERCULES, INCORPORATED, THOMPSON HAYWARD CHEMICAL CO., T-H AGRICULTURE & NUTRITION CO.; OCCIDENTAL PETROLEUM CORPORATION, OCCIDENTAL CHEMICAL CORP., UNIROYAL, INC., C.D.U. HOLDING, INC., UNIROYAL CHEMICAL COMPANY, HARCROS CHEMICALS INC., ULTRAMAR DIAMOND SHAMROCK CORPORATION, MAXUS ENERGY CORP, TIERRA SOLUTIONS INC. and CHEMICAL LAND HOLDINGS, INC. the following relief:

a. Judgment in such sums as are fair and reasonable as this Court and jury shall find in favor of the plaintiffs as shall fully, adequately and completely compensate them for all usual and customary elements of damage awardable in cases of personal injuries or wrongful death, as appropriate, both general and special, including but not limited

to physical pain and mental suffering, past, present and future, the reasonable and necessary costs of medical and hospital services and treatments, past, present and future, loss of earnings, disabilities, disfigurements, loss of society, consortium, services and companionship, and all other recognized losses, costs and damages incurred by the plaintiffs;

b.  Judgment in favor of the plaintiffs and for punitive damages in an amount to be determined by the Court and jury of sufficient magnitude to adequately punish Defendants and each of them, jointly and severally, by reason of their willful and wrongful conduct and the great magnitude of damages which it has wrought;

c.  Together with such other and further relief as to this Court shall seem just and proper under the circumstances, plus interest, reasonable counsel fees and the costs and disbursements of this action.

**MARK I. BRONSON  MO Bar #23183**
**NEWMAN BRONSON & WALLIS**
**2300 West Port Plaza Drive**
**St. Louis, MO 63146-3213**
**(314) 878-8200**
**FAX (314) 878-7839**

**ATTORNEYS FOR PLAINTIFFS**

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**
(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

CHEMICAL LAND HOLDINGS INC

RESPONDENT/DEFENDANT

NO.052-11071
DIV.   01

SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

MARIANO V. FAVAZZA, Circuit Cl. A.

**Sheriff of** MONTGOMERY COUNTY

CIVIL                    17

No.   052-11071
Div.   01

## SUMMONS

In the case of

JAMES MACKRILL

*Vs.*                  PLAINTIFF

CHEMICAL LAND HOLDINGS INC

DEFENDANT

CHEMICAL LAND HOLDINGS INC
1330 LAKE ROBBINS DR #300
THE WOODLANDS   TX   77380

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**
(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

TIERRA SOLUTIONS INC

RESPONDENT/DEFENDANT

NO.052-11071
DIV.    01

**SUMMONS**

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

**MARIANO V. FAVAZZA,** Circuit Clerk

---

**Sheriff of   MIDDLESEX COUNTY**

CIVIL                              16

No.   052-11071
Div.   01

**SUMMONS**

In the case of

JAMES  MACKRILL

PLAINTIFF

Vs.

TIERRA SOLUTIONS INC

DEFENDANT

TIERRA SOLUTIONS INC
2 TOWER CENTER BLVD FL 10
EAST BRUNSWICK   NJ   08816

**Sheriff of** MONTGOMERY COUNTY

CIVIL                                    15

No.   052-11071
Div.  01

# SUMMONS

In the case of

JAMES MACKRILL

*Vs.*                        PLAINTIFF

MAXUS ENERGY CORP            DEFENDANT

MAXUS ENERGY CORP
1330 LAKE ROBBINS DRIVE #300
THE WOODLANDS   TX   77380

---

## MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

JAMES MACKRILL

                                         PETITIONER/PLAINTIFF

                    VS

MAXUS ENERGY CORP

                                         RESPONDENT/DEFENDANT

                    NO. 052-11071
SUMMONS              DIV.  01

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS 30TH DAY OF SEPTEMBER, 2005.

FILE

MARIANO V. FAVAZZA  Circuit Clerk

# MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

ULTRAMAR DIAMOND SHAMROCK CORPORATION

RESPONDENT/DEFENDANT

NO.052-11071
DIV. 01

SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

---

**Sheriff of** BEXAR COUNTY

CIVIL                    14

No. 052-11071
Div. 01

## SUMMONS

In the case of

JAMES MACKRILL

PLAINTIFF

Vs.

ULTRAMAR DIAMOND SHAMROCK CORP
ORATION

DEFENDANT

ULTRAMAR DIAMOND SHAMROCK CORP
ORATION
6000 N LOOP 1604 WEST
SAN ANTONIO   TX   78249

# MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

HARCROS CHEMICALS INC

RESPONDENT/DEFENDANT

NO.052-11071
DIV. 01

**SUMMONS**

---

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE SEAL, THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS 30TH DAY OF SEPTEMBER, 2005.

FILE

---

**Sheriff of** ST LOUIS COUNTY

CIVIL                    13

No.  052-11071
Div.  01

# SUMMONS

In the case of

JAMES MACKRILL

PLAINTIFF

Vs.

HARCROS CHEMICALS INC

DEFENDANT

HARCROS CHEMICALS INC

SERV

CT CORPORATION SYSTEM
120 S CENTRAL AVE

CLAYTON MO  63105

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

UNIROYAL CHEMICAL COMPANY

RESPONDENT/DEFENDANT

NO. 052-11071
DIV. 01

**SUMMONS**

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

---

**Sheriff of** NEW HAVEN COUNTY

CIVIL                    12

No.  052-11071
Div.  01

**SUMMONS**

In the case of

JAMES MACKRILL                    PLAINTIFF

Vs.

UNIROYAL CHEMICAL COMPANY

DEFENDANT

UNIROYAL CHEMICAL COMPANY
199 BENSON ROAD
MIDDLEBURY  CT   06749

MARIANO V. FAVAZZA, Circuit Clerk

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

CDU HOLDING INC

RESPONDENT/DEFENDANT

NO.052-11071
DIV.   01

SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

MARIANO V FAVAZZA, Circuit Clerk

---

**Sheriff of** ST LOUIS COUNTY

CIVIL                                  11

No.  052-11071
Div.  01

SUMMONS

In the case of

JAMES MACKRILL                    PLAINTIFF

Vs.

CDU HOLDING INC                   DEFENDANT

CDU HOLDING INC

SERV

CT CORPORATION SYSTEM
120 S CENTRAL

CLAYTON   MO   63105

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**

(St. Louis City)

**Sheriff of** COLE COUNTY

CIVIL                    10

No.  052-11071
Div.  01

JAMES  MACKRILL

**SUMMONS**

VS

PETITIONER/PLAINTIFF

In the case of

UNIROYAL INC

RESPONDENT/DEFENDANT

JAMES  MACKRILL                    PLAINTIFF

Vs.

NO.052-11071
DIV.   01

UNIROYAL INC                    DEFENDANT

**SUMMONS**

UNIROYAL INC

SERV

THE STATE OF MISSOURI TO DEFENDANT:

PRENTICE HALL CORP SYSTEM
222 EAST DUNKLIN STREET

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

JEFFERSON CITY   MO   65101

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005 .

FILE

# MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

OCCIDENTAL CHEMICAL CORPORATION

RESPONDENT/DEFENDANT

NO.052-11071
DIV. 01

SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
   2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

MARIANO V. FAVAZZA, Circuit Clerk

FILE

---

Sheriff of ST LOUIS COUNTY
CIVIL                          9

No.  052-11071
Div.  01

# SUMMONS

In the case of

JAMES MACKRILL
                              PLAINTIFF

Vs.

OCCIDENTAL CHEMICAL CORPORATIO
N
                              DEFENDANT

OCCIDENTAL CHEMICAL CORPORATIO
N

SERV CT CORPORATION SYSTEM CORPORAT
ION
120 S CENTRAL AVE

CLAYTON  MO  63105

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

OCCIDENTAL PETROLEUM CORPORATION

RESPONDENT/DEFENDANT

NO.052-11071
DIV.   01

SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
   2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

MARIANO V. FAVAZZA, Circuit Clerk

---

Sheriff of   ST LOUIS COUNTY

CIVIL   8

**No.**  052-11071
**Div.**  01

**SUMMONS**

In the case of

JAMES MACKRILL

PLAINTIFF

*Vs.*

OCCIDENTAL PETROLEUM CORPORATI
ON

DEFENDANT

OCCIDENTAL PETROLEUM CORPORATI
ON

SERV CT CORPORATION SYSTEM CORPORAT
ION
120 S CENTRAL AVE

CLAYTON  MO   63105

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

T H AGRICULTURE AND NUTRITION CO

RESPONDENT/DEFENDANT

NO.052-11071
DIV.  01

SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

---

Sheriff of  ST LOUIS COUNTY
CIVIL

No.  052-11071
Div.  01

**SUMMONS**

In the case of

JAMES MACKRILL

PLAINTIFF

Vs.

T H AGRICULTURE AND NUTRITION
CO

DEFENDANT

T H AGRICULTURE AND NUTRITION
CO

SERV

CT CORPORATION SYSTEM
120 S CENTRAL AVE

CLAYTON  MO   63105

**MARIANO V. FAVAZZA,** Circuit Clerk

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

THOMPSON HAYWARD CHEMICAL CO

RESPONDENT/DEFENDANT

NO.052-11071
DIV. 01

**SUMMONS**

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

---

**Sheriff of** ST LOUIS COUNTY

CIVIL                                    6

No.  052-11071
Div.  01

**SUMMONS**

In the case of

JAMES MACKRILL                    PLAINTIFF

*Vs.*

THOMPSON HAYWARD CHEMICAL CO
                                  DEFENDANT

THOMPSON HAYWARD CHEMICAL CO

SERV

CT CORPORATION SYSTEM
120 S CENTRAL AVE

CLAYTON   MO   63105

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

HERCULES INCORPORATED

RESPONDENT/DEFENDANT

NO.052-11071
DIV.    01

**SUMMONS**

THE STATE OF MISSOURI TO DEFENDANT:

    YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

---

**Sheriff of** ST LOUIS COUNTY
CIVIL                          s

**No.** 052-11071
**Div.** 01

**SUMMONS**

In the case of

JAMES MACKRILL

          *Vs.*                   PLAINTIFF

HERCULES INCORPORATED

                  DEFENDANT

HERCULES INCORPORATED

SERV
    CT CORPORATION SYSTEM
    120 S CENTRAL AVE

    CLAYTON MO 63105

**MARIANO V. FAVAZZA, Circuit Clerk**

**MISSOURI CIRCUIT COURT**

## TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

SOLUTIA INC

RESPONDENT/DEFENDANT

NO.052-11071
DIV.   01

**SUMMONS**

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
     2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005 .

FILE

---

Sheriff of  ST LOUIS COUNTY

CIVIL                                    4

No.  052-11071
Div.  01

**SUMMONS**

In the case of

JAMES MACKRILL                           PLAINTIFF

                    Vs.

SOLUTIA INC                              DEFENDANT

SOLUTIA INC

SERV

THE CORPORATION COMPANY
120 S CENTRAL AVE

CLAYTON   MO   63105

MARIANO V. FAVAZZA, Circuit Clerk

# MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

PHARMACIA CORPORATION

RESPONDENT/DEFENDANT

NO.052-11071
SUMMONS                    DIV.    01

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
   2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

---

Sheriff of ST LOUIS COUNTY
CIVIL                                   3

No.  052-11071
Div.    01

# SUMMONS

In the case of

JAMES MACKRILL

Vs.                              PLAINTIFF

PHARMACIA CORPORATION

DEFENDANT

PHARMACIA CORPORATION

SERV

CT CORPORATION SYSTEM
120 S CENTRAL AVE

CLAYTON  MO   63105

**MISSOURI CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

MONSANTO COMPANY

RESPONDENT/DEFENDANT

NO.052-11071
DIV.   01

**SUMMONS**

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

---

Sheriff of  ST LOUIS COUNTY

CIVIL

No.   052-11071
Div.   01

**SUMMONS**

In the case of

JAMES MACKRILL

Vs.                        PLAINTIFF

MONSANTO COMPANY

DEFENDANT

MONSANTO COMPANY

SERV

CT CORPORATION SYSTEM
120 S CENTRAL AVE

CLAYTON   MO   63105

# MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT

(St. Louis City)

JAMES MACKRILL

PETITIONER/PLAINTIFF

VS

DOW CHEMICAL COMPANY

RESPONDENT/DEFENDANT

NO.052-11071
DIV. 01

SUMMONS

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY BRONSON, MARK I
FOR THE PETITIONER WHOSE ADDRESS IS
    2300 WEST PORT PLAZA DRIVE, ST LOUIS, MO 63146-3213

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
30TH DAY OF SEPTEMBER, 2005.

FILE

---

Sheriff of   ST LOUIS COUNTY

CIVIL                                      1

No.   052-11071
Div.   01

## SUMMONS

In the case of

JAMES MACKRILL

                                   PLAINTIFF

Vs.

DOW CHEMICAL COMPANY

                                   DEFENDANT

DOW CHEMICAL COMPANY

SERV

THE CORPORATION COMPANY
120 S CENTRAL AVE

CLAYTON  MO   63105

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

JAMES MACKRILL, et al.,          )
                                 )
            Plaintiffs,          )      CASE NO. 052-11071
                                 )
vs.                              )      **05CV0 2229D D N**
                                 )
DOW CHEMICAL COMPANY, et al.     )
                                 )
            Defendants.          )

## NOTICE TO STATE COURT

TO:    Clerk of the Missouri Circuit Court
       City of St. Louis, Missouri

       PLEASE TAKE NOTICE that on this ⟨23rd⟩ day of November, 2005, defendants

Dow Chemical Company, Monsanto Company (sued herein as Monsanto Company and sued

herein incorrectly as Solutia Inc.), Pharmacia Corporation, Hercules Incorporated, Thompson-

Hayward Chemical Co., T-H Agriculture & Nutrition Co., Occidental Petroleum Corporation,

Occidental Chemical Corporation, Uniroyal, Inc., Uniroyal Chemical Company, C.D.U. Holding,

Inc., Harcros Chemicals Inc., Ultramar Diamond Shamrock Corporation, Maxus Energy

Corporation, and Tierra Solutions Inc. (formerly known as Chemical Land Holdings, Inc.) filed

in the United States District Court for the Eastern District of Missouri, a Notice of Removal in

the above entitled action to remove said action to the United States District Court for the Eastern

District of Missouri, a true and correct copy of which is attached hereto and filed herewith,

pursuant to the provisions of § 1446(d) of Title 28 U.S.C.

       Dated this ⟨23rd⟩ day of November, 2005.



2194423

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

BY:

Kenneth R. Heineman #19533
Adam E. Miller, #40945
190 Carondelet, Suite 600
St. Louis, MO 63105
(314) 480-1500
Facsimile: (314) 480-1505

*Attorney for Defendants Dow Chemical Company,
Monsanto Company, Pharmacia Corporation,
Hercules Incorporated, Thompson-Hayward
Chemical Co., T-H Agriculture & Nutrition Co.,
Occidental Petroleum Corporation, Occidental
Chemical Corporation, Uniroyal, Inc., C.D.U.
Holding, Inc., Uniroyal Chemical Company,
Harcros Chemicals Inc., Ultramar Diamond
Shamrock Corporation, Maxus Energy
Corporation, and Tierra Solutions Inc. (formerly
known as Chemical Land Holdings, Inc.)*

Of counsel:

Steven Brock
RIVKIN RADLER LLP
EAB Plaza
Uniondale, New York 11556
Telephone: (516) 357-3000
*Attorneys for Defendant Dow Chemical Company*

John C. Sabetta
SEYFARTH SHAW
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 218-5500

-and-

James E. Tyrrell, Jr.
LATHAM & WATKINS LLP
One Newark Center
Newark, New Jersey 07101-3174
Telephone: (973) 639-1234
*Attorneys for Defendant Monsanto Company*

Michael M. Gordon
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
*Attorneys for Defendants Occidental Chemical Corporation, Occidental Petroleum Corporation,
Maxus Energy Corporation, and Tierra Solutions Inc. (formerly known as Chemical Land
Holdings, Inc.)*

William A. Krohley, Esq.
KELLEY DRYE & WARREN
101 Park Avenue, 32nd Floor
New York, New York 10178
Telephone: (212) 808-7747
*Attorneys for Defendant Hercules Incorporated*

Lawrence T. D'Aloise, Jr.
CLARK, GAGLIARDI & MILLER
The Inns of Court
99 Court Street
White Plains, New York 10601
Telephone: (914) 946-8900
Fax: (914) 720-2295
*Attorneys for Defendants Thompson-Hayward Chemical Company, Harcros Chemicals, Inc.,
and T-H Agriculture & Nutrition, L.L.C.*

Myron Kalish, Esq.
50 E. 79th Street
New York, NY 10021
Telephone/Fax: (212) 737-8142
*Attorneys for Defendant Uniroyal Chemical Company, Inc., Uniroyal, Inc., and C.D.U. Holding,
Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded, first-class mail, postage prepaid, this 25th day of November, 2005, to:

Mark I. Bronson
NEWMAN BRONSON & WALLIS
2300 West Port Plaza Drive
St. Louis, MO 63146-3213
(314) 878-8200
FAX (314) 878-7839

Attorneys for Plaintiffs

## **CLERK'S CERTIFICATION**

The undersigned hereby certifies that a file-stamped copy of the Notice of Removal filed in the United States District Court for the Eastern District of Missouri by Defendants Dow Chemical Company, Monsanto Company (sued herein as Monsanto Company and sued herein incorrectly as Solutia Inc.), Pharmacia Corporation, Hercules Incorporated, Thompson-Hayward Chemical Co., T-H Agriculture & Nutrition Co., Occidental Petroleum Corporation, Occidental Chemical Corporation, Uniroyal, Inc., Uniroyal Chemical Company, C.D.U. Holding, Inc., Harcros Chemicals Inc., Ultramar Diamond Shamrock Corporation, Maxus Energy Corporation, and Tierra Solutions Inc. (formerly known as Chemical Land Holdings, Inc.) in the above-styled cause was filed with the Clerk of this Court on the ___ day of November, 2005.

CLERK, Twenty Second Judicial Circuit
City of St. Louis, State of Missouri

By:_____ _____ _____

Clerk

Dated: November ___, 2005